UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH   L.   SCHRIBER   and
CONSTANCE A. SCHRIBER,                                          Case No. 1:05-CV-487

                    Plaintiffs,                                        Hon. Richard Alan Enslen

        v.

NORMAN K. DROSTE and NORM
DROSTE – ATTORNEY, PLC,

                    Defendants.                                        **OPINION**

_____/

        This matter is before the Court on Defendants Norman K. Droste and Norm Droste –

Attorney, PLC's Motion for Summary Judgment Under Federal Rule of Civil Procedure 56 or to

Dismiss Under Rule 12(b)(1).  Defendants' Motion has been fully briefed and the Court finds oral

argument unnecessary.  W.D. LCIVR 7.2(d).  For the reasons set forth below, the Court will deny

Defendants' Motion.

I.      **BACKGROUND**

        Plaintiffs are husband and wife and reside in Ohio.  Defendants are a Michigan attorney and

his Michigan law practice.  This suit involves Defendants' legal representation of Plaintiffs, wherein

Plaintiffs allege malpractice and various other claims growing out of Defendants' handling of a

foreclosure action brought against Plaintiffs in state court.

        In 1996, Plaintiffs mortgaged their real property located in Antrim County, Michigan, to

secure monies lent to them by Daniel M. Boone and Kay D. Boone.  Plaintiffs executed a promissory

note in favor of the Boones.  In 2004, and apparently in dire financial straits, Plaintiffs defaulted on

the note.  The Boones then initiated foreclosure proceedings against Plaintiffs in Antrim County

Circuit Court (the "Michigan Action").  Plaintiffs hired Defendants to represent them in the Michigan Action.

Pursuant to the parties' retainer agreement, Plaintiffs agreed Defendants' fee would be $165 per hour for work performed by an attorney and $45 per hour for work completed by a paralegal. Plaintiffs also agreed to pay Defendants in the following contingent fashion: "[a]ny reduction in the amounts due resulting from legal defenses we present will be credited 50% as a bonus and 50% to you except that the 50% bonus to me will be credited against the fees you incur with me for the legal work provided."  (Pls.' Compl., Ex. 1).

In the Michigan Action, the Boones claimed Plaintiffs owed them $409,500.  Plaintiffs believed they owed the Boones no more than $175,000.  The Boones settled the Michigan Action with Plaintiffs for $180,000 and on January 13, 2005, the Antrim County Circuit Court entered a consent judgment terminating the case.  Under the terms of that judgment, Plaintiffs had until March 4, 2005, to remit $180,000 to the Boones or the property would be subject to public sale.

Throughout the Michigan Action, Plaintiffs had not paid Defendants' legal fees. Defendants sent Plaintiffs a bill for their legal services in the amount of $9,714.47 that went unpaid.  As a result, Defendants requested and received an attorney's lien for their fees against Plaintiffs' real property, secondary to the Boones' judgment lien.  Defendants then sent Plaintiffs another bill for legal services, this time recalculated in the amount of $114,424.20.[1]

---

[1] Defendants arrived at the increased figure by operation of the retainer agreement and its contingent arrangement.  (*See* Pls.' Compl., Ex. 1).  Defendants determined they saved Plaintiffs $229,500, since the Boones demanded $409,500, but settled for only $180,000.  Defendants then halved $229,500 and subtracted Plaintiffs initial payment of $325.80.

Plaintiffs never paid the Boones the adjudged $180,000, and consequently, the property was sold at a public sale for $550,000. Defendants then moved the Antrim County Circuit Court to validate their attorney's lien under Michigan Rules of Professional Responsibility 1.5 and 1.8, and to confirm the termination of their appearance as Plaintiffs' attorney pursuant to Michigan Court Rule 2.117. The motion was granted concerning Defendants' request to terminate representation; however, the court adjourned proceedings on the Defendants' fee until Plaintiffs could obtain new counsel. Plaintiffs eventually obtained new counsel and Defendants again moved to confirm their fee in a supplemental brief.[2] On July 21, 2005, the Antrim County Circuit Court heard argument on the motion and affirmed Defendants' fee. The court ordered that the "county clerk shall pay attorney Norman K. Droste $114,424.20 from the surplus foreclosure sale proceeds held in this case which shall be in full satisfaction of the amounts due to him for his work for Defendants Kenneth and Constance Schriber in this case." (Defs.' Br. in Supp. of Summ. J., Ex. A).

While this was transpiring, Plaintiffs employed a third lawyer to file their Complaint in this Court two days prior to the Antrim County Circuit Court's affirmation of Defendants' fee. Plaintiffs also appealed the Antrim County Circuit Court's January 13, 2005 judgment and July 21, 2005 order to the Michigan Court of Appeals. The appellate court dismissed Plaintiffs' appeal of the January 13, 2005 judgment as untimely and dismissed their appeal of the July 21, 2005 order as a nonappealable post-judgment order. Plaintiffs were invited to file a delayed application for leave to appeal, which they ultimately did on January 12, 2006. The appellate court denied Plaintiffs' delayed application for leave to appeal on April 14, 2006.

---

[2] Plaintiffs' second attorney entered an appearance on their behalf and requested the Antrim County Circuit Court abstain from deciding Defendants' motion to confirm attorney's fees because Plaintiffs would soon file their Complaint in this Court.

## II.   CONTROLLING STANDARDS

### A.   Summary Judgment

Deciding a motion for summary judgment requires the Court to determine if there is no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file. *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The facts are to be considered in a light most favorable to the non-moving party, and ". . . all justifiable inferences are to be drawn in his favor." *Schaffer v. A.O. Smith Harvestore Prod.*, 74 F.3d 722, 727 (6th Cir. 1996) (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted).

Once the movant satisfies his burden of demonstrating an absence of a genuine issue of material fact, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Kramer v. Bachan Aerospace Corp.*, 912 F.2d 151, 153-54 (6th Cir. 1990). The non-moving party may not rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting FED. R. CIV. P. 56(e)). It is the function of the Court to decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The question is "whether a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Id.* at 252. "The 'mere possibility' of a factual dispute is not enough,'" *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)), neither is the submission of *de minimis* evidence. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996).

**B.     Subject Matter Jurisdiction**

A motion to dismiss for lack of subject matter jurisdiction is an affirmative defense that a defendant must assert in order to dismiss the action on jurisdictional grounds.[3]  FED. R. CIV. P. 12(b)(1).  When a defendant has made a subject matter jurisdiction challenge pursuant to Rule 12(b)(1), the plaintiff has the burden of proving jurisdiction in order to survive the motion.  *Moir v. Greater Cleveland Reg'l Transit Auth.,* 895 F.2d 266, 269 (6th Cir. 1990).  "Specifically, the plaintiff must show that the complaint alleges a claim under federal law," and that the "claim affords him a remedy at law."  *Musson Theatrical Inc. v. Fed. Express Corp.,* 89 F.3d 1244, 1248 (6th Cir. 1996).  "The plaintiff will defeat a 12(b)(1) motion to dismiss by showing any arguable basis in law for the claims set forth in the complaint."  *Mich. S. R.R. Co.*, 287 F.3d at 573 (quoting *Id*).

According to the Sixth Circuit Court of Appeals, "Rule 12(b)(1) motions to dismiss based upon subject matter jurisdiction generally come in two varieties."  *Ohio Nat. Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).  "A *facial attack* on the subject matter jurisdiction alleged by the complaint merely questions the sufficiency of the pleading."  *Id.* (emphasis in original).  When "reviewing such a facial attack, a trial court takes the allegations in the complaint as true."  *Id.*  However, "when a court reviews a complaint under a *factual attack*, no presumptive truthfulness applies to the factual allegations."  *Id.* (emphasis in original).  Defendants' arguments against subject matter jurisdiction in this case are a facial attack, and therefore, the Court will review Plaintiffs' Complaint in a light most favorable to Plaintiffs, accept as true all of their well-plead factual allegations, and consider whether Plaintiffs can prove any set of facts supporting their claims that would entitle them to relief.  *Ludwig v. Bd. of Trs. of Ferris State Univ.,* 123 F.3d 404, 408 (6th Cir. 1997); *see also Jones v. City of Lakeland, Tenn.,* 224 F.3d 518, 520 (6th Cir. 2000).

---

[3] *See Mich. S. R.R. Co. v. Branch & St. Joseph Counties Rail Users Ass'n. Inc.*, 287 F.3d 568, 573 (6th Cir. 2002) (quoting *In re DeLorean Motor Co.,* 991 F.2d 1236, 1240 (6th Cir. 1993)).

## III.    DISCUSSION

Defendants advance three principal arguments in support of their Motion.  First, Defendants assert that in light of the Antrim County Circuit Court's decision and the doctrine of claim preclusion, Plaintiffs' claims are barred in this Court.  Next, Defendants believe that Plaintiffs should be precluded from relitigating the issue of Defendants' fee.[4]  Finally, Defendants invite this Court to abstain from exercising jurisdiction and appeal to the principles espoused in *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976).  Each argument will be addressed seriatim.

### A.    Claim Preclusion

Federal courts must give preclusive effect to state court judgments.  28 U.S.C. § 1738.  The preclusive effect of a prior judgment is to be determined under the law of the state where the judgment was rendered.  *See Allen v. McCurry*, 449 U.S. 90, 96 (1980).  According to Michigan law, claim preclusion generally applies when: "(1) the prior action was decided on the merits, (2) both actions involve the same parties or their privies, and (3) the matter in the second case was, or could have been, resolved in the first."  *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004).

Working backward from the third element of claim preclusion, it is clear that the doctrine does not apply in this case.  It was Defendants' who moved in Antrim County Circuit Court to

---

[4] Defendants have actually styled their first two arguments as *res judicata* and collateral estoppel.  In an effort to avoid confusion, the Court will refer to Defendants' arguments using the concepts of claim and issue preclusion.  Traditionally*, res judicata* is a broader concept that includes the two narrower sub-components of claim and issue preclusion.  *See Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984).

> Issue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided.  This effect also is referred to as direct or collateral estoppel.  Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit.  Claim preclusion therefore encompasses the law of merger and bar.

*Id.* (internal citations omitted); *see also* 18 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 4402 (2d ed. 2002).

confirm their fee and the propriety of terminating their representation.  After that court confirmed that Defendants rightfully terminated their representation, the only issue left was to consider whether the fee charged was compliant with the Michigan Rules of Professional Responsibility.  Plaintiffs did not have an opportunity to raise their malpractice claim (and related claims) against Defendants because the July 21, 2005 hearing was solely to determine the propriety of Defendants' fee.  It cannot be said that Plaintiffs' malpractice claim and related claims should have been advanced at that time. Therefore, the Court will deny Defendants' Motion on grounds of claim preclusion.

      **B**.     **Issue Preclusion**

As for issue preclusion, to prevent relitigation of a certain issue "(1) 'a question of fact essential to the judgment must have been actually litigated and determined by a valid and final judgment'; (2) 'the same parties must have had a full [and fair] opportunity to litigate the issue'; and (3) 'there must be mutuality of estoppel.'"[5] *Monat v. State Farm Ins. Co.*, 677 N.W.2d 843, 845-46 (Mich. 2004) (quoting *Storey v. Meijer Inc.*, 429 N.W.2d 169, 172 n.3 (Mich. 1988)).

Focusing on the second requirement, Plaintiffs contend they have not been afforded a full and fair opportunity to litigate the propriety of Defendants' fee, and thus, issue preclusion should not apply.  The Court agrees.  When determining whether a party has had a full and fair opportunity to litigate an issue, the *Monat* court recites the general rule that relitigation of an issue is permitted "when '[t]he party against whom preclusion is sought could not, *as a matter of law*, have obtained review of the judgment in the initial action . . . .'" *Id.* at 847 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 28(1) (1982) (emphasis in original)).

In this case, Plaintiffs sought review of the Antrim County Circuit Court's July 21, 2005 order approving Defendants' fee in the Michigan Court of Appeals, but the appellate court "DISMISSED for lack of jurisdiction because the July 21, 2005 order is a postjudgment order that is not appealable *as a matter of right*."  (Defs.' Br. in Supp. of Summ. J., Ex. B) (citing MICH. CT.

---

[5] Mutuality of estoppel, however, is no longer required when issue preclusion is asserted defensively.  *Monat*, 677 N.W.2d at 850.

R. 7.202(6)(a)(i) & 7.203(A)(1)) (italics supplied).  Thus, Plaintiffs could not have obtained review of the July 21, 2005 order as a matter of law and were not given a *full and fair opportunity* to litigate the propriety of Defendants' fee.  *Monat*, 677 N.W.2d at 847.  Accordingly, the Court will deny Defendants' Motion on grounds of issue preclusion.

> **C.**   ***Colorado River* Abstention**

"In *Colorado River*, the Supreme Court explained that a district court may sometimes be justified in abstaining from exercising jurisdiction in deference to a parallel state-court proceeding." *Great Earth Cos. Inc. v. Simons*,   288 F.3d 878, 886 (6th Cir. 2002).   Under this principle, Defendants request that if Plaintiffs are granted leave from the Michigan Court of Appeals to appeal the Antrim County Circuit Court's July 21, 2005 order, then this Court should abstain from deciding this case given the trouble concurrent federal and state court litigation can cause.  As was noted above, however, the Michigan Court of Appeals denied Plaintiffs' application for leave to appeal the Antrim County Circuit Court's July 21, 2005 order, and thus, there are no parallel federal and state court proceedings.  Consequently, this Court will not abstain from deciding the merits of this case on the basis advanced by Defendants.

## IV.   CONCLUSION

Therefore, the Court will deny Defendants' Motion for Summary Judgment.  An Order consistent with Opinion shall enter.

|   |   |
|---|---|
|   | /s/ Richard Alan Enslen |
| DATED in Kalamazoo, MI: | RICHARD ALAN ENSLEN |
| May 15, 2006 | SENIOR UNITED STATES DISTRICT JUDGE |