UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH L. SCHRIBER and
CONSTANCE A. SCHRIBER,                                  Case No. 1:05-CV-487

       Plaintiffs,                                              Hon. Richard Alan Enslen

v.

NORMAN K. DROSTE and NORM
DROSTE – ATTORNEY, PLC,

       Defendants.                                              **OPINION**
_____/

      This matter is before the Court on Defendants Norman K. Droste and Norm Droste – Attorney, PLC's Motion for Reconsideration of this Court's May 15, 2006 Opinion and Order, which denied their Motion for Summary Judgment Under Federal Rule of Civil Procedure 56 or to Dismiss Under Rule 12(b)(1). In the instant Motion, Defendants make several pleas for reconsideration. To wit, that: the Court erred in its findings on claim preclusion; the Court erred in its decision on issue preclusion; and the Court overlooked Defendants' arguments on Plaintiffs' claim of intentional infliction of emotional distress. The Court believes oral argument is unnecessary, W.D. MICH. LCIVR 7.4(b), and for the reasons that follow, will deny Defendants' Motion.

      "[M]otions for reconsideration that merely present the same issues ruled upon by the Court shall not be granted." *Id.* 7.4(a). To prevail on such a motion, a movant must show "not only [] a palpable defect by which the Court and the parties have been mislead, but also show that a different disposition of the case must result from correction thereof." *Id.* With these principles in mind, the Court turns to Defendants' Motion for Reconsideration.

Defendants first seek reconsideration of the Court's findings on claim preclusion. In this regard, Defendants offer no new dimensions to their previously considered arguments, and the Court can deny their Motion on this ground without discussion. W.D. MICH. LCIVR 7.4(a). The Court, however, will further elaborate upon its decision because Defendants' assignment of error appears to arise from a misunderstanding of the preclusion doctrines. "Claim preclusion refers to the effect of a judgment in foreclosing litigation of a matter that never has been litigated, because of a determination that it should have been advanced in an earlier suit"; whereas, "[i]ssue preclusion refers to the effect of a judgment in foreclosing relitigation of a matter that has been litigated and decided." *Migra v. Warren City Sch. Dist. Bd. of Educ.*, 465 U.S. 75, 77 n.1 (1984); *see also* 18 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE & PROCEDURE § 4402 (2d ed. 2002). In their Motion for Reconsideration, Defendants have taken language from the Court's decision on claim preclusion and grafted it into their argument supporting reconsideration. The two doctrines are distinct and separate. To rearrange the Court's analysis of issue preclusion in such a fashion distorts its holding. Simply stated, the Court does not believe that Plaintiffs—in a post-judgment fee proceeding—could have, or should have, advanced claims for declaratory relief, malpractice, fraud, slander of title, or intentional infliction of emotional distress against Defendants.

Furthermore, although the Court is counseled to avoid creating *dicta*, *see Henry v. City of Detroit Manpower Dep't*, 763 F.2d 757, 765 n.1 (6th Cir. 1985) (JJ. Krupansky, Edwards, Jr., Keith, and Jones dissenting); *H.S.D. Co. v. Kavanagh*, 191 F.2d 831, 843-44 (6th Cir. 1951), others reasons prevent use of claim preclusion. That is, the Antrim County Circuit Court's post-judgment proceeding on Defendants' fees did not involve the same parties in true adversarial manner. *Adair v. State*, 680 N.W.2d 386, 396 (Mich. 2004). Defendants had served as Plaintiffs' legal counsel and

-2-

were far from true adversaries. *See Executive Arts Studio Inc. v. City of Grand Rapids*, 391 F.3d 783, 795 (6th Cir. 2004).  The underlying litigation in the Antrim County Circuit Court matched the Boones against Plaintiffs, not Defendants versus Plaintiffs.

Finally, the Antrim County Circuit Court's order affirming Defendants' fee was not a final judgment or order decided on the merits that is entitled to preclusive effect. *Adair*, 680 N.W.2d at 396; RESTATEMENT (SECOND) OF JUDGMENTS §§ 17 & 19 (1982) (preclusion requires a final judgment).  In reviewing Plaintiffs' application to appeal the trial court's fee order, the Michigan Court of Appeals expressly recognized this fact when it dismissed Plaintiffs' application as a nonappealable post-judgment order under Michigan Court Rules 7.203(A)(1) (court of appeals only has jurisdiction over final judgments or orders) and 7.202(6)(a)(i) (defining a final judgment in a civil case).  Therefore, the Court will deny Defendants' Motion for Reconsideration on this ground.

Defendants' second assignment of error concerns the Court's discussion of issue preclusion.  Here, Defendants contend that the Court erred by treating Plaintiffs' inability to seek appellate review of Defendants' fee as a dispositive factor under *Monat v. State Farm Ins. Co.*, 677 N.W.2d 843, 845-46 (Mich. 2004) and the RESTATEMENT (SECOND) OF JUDGMENTS § 28.  A careful review of *Monat* belies that contention.

In *Monat*, the Michigan Supreme Court discussed issue preclusion at length and determined that the opportunity to seek appellate review, or waiver thereof, was dispositive of Monat's claim and looked no further than the first factor under RESTATEMENT (SECOND) OF JUDGMENTS § 28.  *Id.* at 847-48.  In so holding, the court stated that "[t]he **general rule** permits relitigation when '[t]he party against whom preclusion is sought could not, *as a matter of law*, have obtained review of the judgment in the initial action . . . .'" *Monat*, 677 N.W.2d at 847 (quoting RESTATEMENT (SECOND) OF JUDGMENTS § 28(1)) (bold supplied; italics in original).  The court went on remark that a "'full

-3-

and fair opportunity to litigate' **normally encompasses the opportunity to both litigate and appeal . . . .**" *Id.* 847 (emphasis added). The Court sees no error in basing its decision on the same factor *Monat* found so compelling and will deny Defendants' Motion on this ground.

Defendants' suggestion that Plaintiffs received appellate review of the post-judgment fee order is erroneous. In Plaintiffs application for appeal discussed above, they applied for review of both the trial court's January 13, 2005 judgment and its July 21, 2005 post-judgment fee order. As noted, the Michigan Court of Appeals dismissed Plaintiffs' application for appellate review concerning the July 21 fee order because it was a nonappealable post-judgment order. *See* MICH. CT. R. 7.202(6)(a)(i) & 7.203(A)(1). As for the January 13, 2005 judgment, the court of appeals denied appellate review of this decision because Plaintiffs' application was untimely, but invited Plaintiffs to file a delayed application for leave to appeal. On April 14, 2006, the court of appeals denied Plaintiffs' delayed application for appeal—in a one sentence order—for lack of merit in the grounds presented. Thus, the April 14, 2006 order from the court of appeals relates only to Plaintiffs' request to review the January 13, 2005 judgment out of time, as the July 21, 2005 post-judgment fee order is, and remains, unappealable as a matter of right. *Id.* Thus, it can hardly be said that Plaintiffs had the opportunity for appellate review of Defendants' fee.

Concerning Defendants' third basis for reconsideration, Defendant believes that the Court overlooked its arguments regarding Plaintiffs' claim of intentional infliction of emotional distress. Defendants contend that Plaintiffs cannot make out a claim of intentional infliction of emotional distress because one cannot be held liable in tort for pursuing his rights in a legally permissible manner. *Early Detection Center P.C. v. New York Life Ins. Co.*, 403 N.W.2d 830, 834 (Mich. App. 1986). The Court, however, consciously disregarded this argument because it was never presented as a basis for relief in Defendants' Motion for Summary Judgment Under Federal Rule of Civil

Procedure 56 or to Dismiss Under Rule 12(b)(1). *See* FED. R. CIV. P. 7(b) ("An application to the court for an order shall be by motion . . . ."). Furthermore, Defendants devoted an entire page of their filings to offer a "STATEMENT OF QUESTIONS PRESENTED," where Defendants outlined the issues they wanted the Court to resolve in their summary judgment/dismissal motion. Defendants' Questions Presented did not mention intentional infliction of emotional distress. Instead, the first time this argument surfaced was in Defendants' brief in support of their summary judgment/dismissal motion, buried in a subsection of that brief entitled "The prior lawsuit clearly included the resolution of the same issues, based upon the same facts and evidence, as this action."[1] The Court did not consider this ground for summary judgment or Rule 12(b) dismissal because it was never properly before the Court.[2] Consequently, there is nothing for the Court to reconsider and Defendants' Motion for Reconsideration on this ground will be denied.

Therefore, the Court will deny Defendants Norman K. Droste and Norm Droste – Attorney, PLC's Motion for Reconsideration. An Order consistent with this Opinion shall enter.

DATED in Kalamazoo, MI:  /s/ Richard Alan Enslen
July 25, 2006            RICHARD ALAN ENSLEN
                         SENIOR UNITED STATES DISTRICT JUDGE

---

[1] As could be expected from Defendants' curious and less-than-obvious placement of their intentional infliction of emotional distress arguments, Plaintiffs never responded to Defendants' contentions.

[2] Even if the Court were to consider Defendants' arguments on intentional infliction of emotional distress, it would be inclined to disagree with their assertions. In support of their intentional infliction of emotional distress claim, Plaintiffs' Complaint alleged Defendants did more than simply resort to legal process.