UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH L. SCHRIBER and
CONSTANCE A. SCHRIBER,

       Plaintiffs,

v.

NORMAN K. DROSTE and NORM
DROSTE – ATTORNEY, PLC,

       Defendants.

_____/

Case No. 1:05-CV-487

Hon. Richard Alan Enslen

**OPINION**

This matter is before the Court on Defendants Norman K. Droste and Norm Droste – Attorney, PLC's second Motion for Summary Judgment under Federal Rule of Civil Procedure 56. The Court has reviewed the filings and discerns no reason to hear oral argument. W.D. MICH. LCIVR 7.2(d). For the reasons that follow, the Court will grant in part and deny in part Defendants' Motion.

**I.    BACKGROUND**

Defendants previously moved for summary judgment under a theory that the Court was without jurisdiction to adjudicate Plaintiffs Kenneth L. Schriber and Constance A. Schriber's claims under the doctrines of preclusion and abstention. The Court denied Defendants' first Motion for Summary Judgment by an Opinion and Order dated May 15, 2006. After review of their second Motion for Summary Judgment, the Court perceives no reason to recite any further factual background beyond what was described on May 15, 2006. *See Schriber v. Droste*, No. 1:05-CV-487, 2006 WL 1361228, at *1 (W.D. Mich. May 15, 2006).

## II.     LEGAL STANDARDS

Deciding a motion for summary judgment requires the Court to determine if there is no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The Court must consider the record as a whole by reviewing all pleadings, depositions, affidavits and admissions on file. *Matsuhita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The facts are to be considered in a light most favorable to the non-moving party, and ". . . all justifiable inferences are to be drawn in his favor." *Schaffer v. A.O. Smith Harvestore Prod.*, 74 F.3d 722, 727 (6th Cir. 1996) (quoting *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 255 (1986)) (other citations omitted).

Once the movant satisfies his burden of demonstrating an absence of a genuine issue of material fact, the non-moving party must come forward with specific facts showing that there is a genuine issue for trial. *Kramer v. Bachan Aerospace Corp.*, 912 F.2d 151, 153-54 (6th Cir. 1990). The non-moving party may not rest on its pleadings but must present "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986) (quoting FED. R. CIV. P. 56(e)). It is the function of the Court to decide "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52. The question is "whether a fair-minded jury could return a verdict for the [non-moving party] on the evidence presented." *Id.* at 252. "The 'mere possibility' of a factual dispute is not enough,'" *Mitchell v. Toledo Hosp.*, 964 F.2d 577, 582 (6th Cir. 1992) (quoting *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)), neither is the submission of *de minimis* evidence. *Hartsel v. Keys*, 87 F.3d 795, 799 (6th Cir. 1996). It is with these principles in mind that the Court turns to Defendants' second Motion for Summary Judgment.

**III.    DISCUSSION**

In their Complaint, Plaintiffs charge Defendants with five counts of liability. In Count I, Plaintiffs seek a declaration that Defendants' fee agreement and attorney fee lien are void. In support of the remaining four counts, Plaintiffs aver that Defendants committed malpractice, perpetrated fraud, slandered their title to real property, and intentionally inflicted emotional stress upon them. For a variety of reasons, Defendants have requested summary judgment on all counts except Plaintiffs' intentional infliction of emotional distress claim. The Court will address each affected count and the propriety of summary judgment in turn.

   **A.    Count I: Declaratory Judgment That Defendants' Fee Agreement and Attorney Fee Lien Are Void**

In Count I of their Complaint, Plaintiffs allege that Defendants' $114,424.20 attorney fee is excessive, unconscionable, and violates the Michigan Rules of Professional Conduct. As such, Plaintiffs believe the attorney fee agreement and the attorney fee lien should be declared void and rescinded. Defendants contend that because its attorney lien has been released and because they are no longer performing under the fee agreement, Count I has now been rendered moot.

The United States Constitution, Article III, section 2, limits this Court's jurisdiction to actual "cases" and "controversies," and therefore, a dispute which has become moot no longer satisfies Article III's jurisdictional prerequisite. *Cleveland Nat. Air Show Inc. v. United State Dep't of Transp.*, 430 F.3d 757, 761 (6th Cir. 2005) (referencing *Chirco v. Gateway Oaks L.L.C.*, 384 F.3d 307, 309 (6th Cir. 2004)). A cause is described as "moot when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome. Mootness results when events occur during the pendency of [the] litigation which render the court unable to grant the requested relief." *Carras v. Williams*, 807 F.2d 1286, 1289 (6th Cir. 1986) (citations and punctuation omitted).

In this case, even though Defendants have relinquished their attorney fee lien and are no longer performing under the attorney fee agreement, the Court could still find the instruments void, rescind them, and order that monies transferred be returned.  Accordingly, Count I of Plaintiffs' Complaint has not been mooted by events in this case, and the Court will deny summary judgment on this ground.[1]

### B.   Count II: Malpractice

To establish a *prima facie* case of legal malpractice, Plaintiffs must show: (1) the existence of an attorney-client relationship; (2) a breach of that duty; (3) causation; and (4) damages.  *Simko v. Blake*, 532 N.W.2d 842, 846 (Mich. 1995) (citing *Coleman v. Gurwin*, 503 N.W.2d 435, 436-37 (Mich. 1993)).  Close akin to the tort of negligence, the existence of the attorney-client relationship as an element legal malpractice essentially defines and shapes the duty that an attorney owes his client.[2]  That is, "to use reasonable skill, care, discretion, and judgment as a matter of law."  *Simko*, 488 Mich. at 655-56.  Defendants assail Planitiffs' *prima facie* showing of legal malpractice on several bases.

Defendants believe that because they relied on the Antrim County Circuit Court's July 21, 2005 Order, they could not have breached their duty to Plaintiffs as a matter of law.  In support of

---

[1] Defendants also argue that Count I is moot because the Antrim County Circuit Court has already adjudged that they are entitled to their attorney fee.  Defendants' assertion is—rather than challenging the Court's ability to provide the requested relief—grounded in the doctrines of preclusion.  As the Court explained in its May 15, 2005 Opinion, the Antrim County Circuit Court's decision does not carry any preclusive effect in this litigation.  *Schriber*, 2006 WL 1361228, at *3-4.  Therefore, Defendants Motion for Summary Judgment on this basis will be denied.

[2] Negligence necessitates a showing of: (1) a duty owed by the defendant to the plaintiff; (2) a breach of that duty; (3) causation; and (4) damages.  *Case v. Consumers Power Co.*, 463 Mich. 1, 6 (2000).

that contention Defendants rely heavily on Plaintiffs' expert, attorney Bruce Neckers. Neckers' deposition testimony indicates there are certain scenarios when an attorney can rely on a court order and particular situations when he should not. (*See* Defs.' Br. in Supp. of Mot. for Summ. J., Ex. U at 4-5). Neckers continued that an attorney's reliance would depend on the facts of each case. (*Id.*). As is evident, Neckers' testimony hardly demonstrates an absence of a genuine issue of material fact. *See* FED. R. CIV. P. 56(c).

Furthermore, while Neckers' testimony is evidence of reasonableness, it is not dispositive evidence that Defendants behaved reasonably regarding their duty of care to Plaintiffs. Defendants have cited no authority—and the Court similarly found none—to support their contention that reliance on a court order necessarily forecloses a showing that an attorney breached his duty of care. Summary judgment on this basis is inappropriate.

Next, Defendants contend that Plaintiffs cannot establish damages flowing from their alleged legal malpractice and maintain the only injury alleged is an adverse outcome in the Antrim County Circuit Court. For this, Defendants curiously cite to *Friedman v. Dozorc*, 312 N.W.2d 585, 594-95 (Mich. 1982), where the Michigan Supreme Court outlined the required elements for the torts of abuse of process and malicious prosecution. Plaintiffs have not alleged abuse of process or malicious prosecution, and thus, the Court will deny Defendants' Motion on this ground.[3]

    **C.**    **Count III: Fraud**

The requisite elements of a fraud cause are:

---

[3] In addition, Defendants assert that Plaintiffs cannot prove causation because Plaintiffs' state court counsel negligently failed to raise the gravamen of their Complaint in the Antrim County Circuit Court. Defendants' theory is, however, another veiled preclusion argument which has been foreclosed by the Court's May 15, 2005 Opinion. *See Schriber*, 2006 WL 1361228, at *3-4 and *supra* note 1.

> (1) That defendant made a material representation; (2) that it was false; (3) that when he made it he knew that it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury. Each of these facts must be proved with a reasonable degree of certainty, and all of them must be found to exist; the absence of any one of them is fatal to a recovery.

*Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976); *see also City of Novi v. Robert Adell Children's Funded Trust*, 701 N.W.2d 144, 152 (Mich. 2005). Concerning Plaintiffs' fraud claim, Defendants assert Plaintiffs cannot establish they suffered an injury because Defendants did not foreclose on the attorney fee lien and it was subsequently released. Plaintiffs' injury as alleged, however, is that Defendants collected over $90,000 from Plaintiffs by means of fraud. The Court believes Plaintiffs can show an injury procured by fraud, and the fact that Defendants never foreclosed on the lien and subsequently released it is irrelevant.

Defendants also advance several summary judgment arguments against Plaintiffs' fraud claims by means of construing their fraud claim as alleging fraud in the inducement. Although this construction is one possible reading of Plaintiffs' Complaint, as pled, Plaintiffs also articulate a theory of actual fraud.[4] Defendants have suggested—*via* their construction of the Complaint—that

---

[4] Plaintiffs' Complaint reads in pertinent part as:

\* \* \*

26. Paragraphs 1 through 25 of this Complaint are incorporated here by reference as if stated word for word.

27. Droste sent the Schribers a bill for roughly $10,000.00 total, and then asked them to agree to the placement of an attorney's fee lien, at no time advising them before they consented to the attorney's lien, that the total fee to be claimed by Droste was in excess of $100,000.00

28. Droste misrepresented the amount of his attorney['s] fees in connection with seeking his attorney['s] fee lien from the Schribers, that misrepresentation was

-6-

Plaintiffs are exclusively alleging fraud in the inducement. Plaintiffs are the masters of their Complaint and, as noted above, pled actual fraud. Thus, the Court will deny summary judgment on this score.

### D. Count IV: Slander of Title

The elements of a common law or statutory claim for slander of title are: (1) falsity, (2) malice, and (3) special damages. *Glieberman v. Fine*, 226 N.W. 669, 670 (Mich. 1929); *B & B Inv. Group v. Gitler*, 581 N.W.2d 17, 20 (Mich. App. 1998). Plaintiffs believe that Defendants' attorney fee lien filed against their real property slandered their title. Defendants indicate that the attorney fee lien did not state an amount, and therefore, Plaintiffs cannot show it to be false. Upon review, the Court agrees.

Because Defendants had not been paid for their legal services, they were entitled to obtain an attorney fee lien against Plaintiffs' real property. *George v. Sandor M. Gelman, P.C.*, 506 N.W.2d 583, 585 (Mich. App. 1993). Defendants' lien did not state an amount. Rather, the lien simply indicated Defendants' unspecified interest in Plaintiffs' property and—for purposes of slander of title only—the Court considers the lien properly attached. Plaintiffs' reliance on *Patten Corp. v. Canadian Lakes Dev. Corp.*, 788 F. Supp. 975 (W.D. Mich. 1991) and *Sullivan v. Thomas Org.*, 276 N.W.2d 522 (Mich. App. 1979) is misplaced. In those cases, the courts determined that the lien was invalid *ab initio* and found the filing of invalid lien to be a false statement against the complaining party's title. *Patten Corp.*, 788 F. Supp. at 978; *Sullivan*, 276 N.W.2d at 524. On its face,

---

material, the Schribers relied upon it to their detriment and damage, which damage has directly and proximately resulted.

\* \* \*

(Pls.' Compl. ¶¶ 26-28).

Defendants' attorney fee lien was valid. Defendants were entitled to seek the lien and there were no falsities articulated therein because it did not state an inaccurate amount owed. Consequently, the Court will grant Defendants summary judgment on Plaintiffs' slander of title claim.

### E.     Damages

Defendants seek to limit any damage award Plaintiffs may recover because they believe Plaintiffs did not pay any sums to redeem their real property. Instead, Defendants observe that a third-party (Plaintiffs' daughter and son-in-law) paid to redeem their property. Plaintiffs admit that their daughter and son-in-law paid to redeem the property; however, Plaintiffs declare they contributed approximately $115,000 toward the redemption effort. Plaintiffs advise that without their $115,000 contribution, their daughter and son-in-law would not have been able to redeem the property. The Court deems summary judgment is inappropriate on this basis.

In addition, Defendants believe Plaintiffs are precluded from recovering their attorneys' fees spent to prosecute their claims. Ordinarily, attorneys' fees are not "recoverable unless a statute, court rule, or common-law exception provides the contrary." *Nemeth v. Abonmarche Dev. Inc.*, 576 N.W.2d 641, 651 (Mich. 1998) (notes and citations omitted); *see also Alyeska Pipeline Serv. Co. v. Wilderness Soc'y*, 421 U.S. 240, 257 (1975).[5] Defendants presume that attorneys' fees are recoverable under Plaintiffs' fraud claim, but simply argue that because Plaintiffs' fraud claim should be dismissed, Plaintiffs cannot recover attorneys' fees on that claim. As noted above, the Court will deny Defendants summary judgment on Plaintiffs' fraud claim and will not limit Plaintiffs' damages as requested.

---

[5] One such statutory exception applies to Plaintiffs' slander of title claim. *See* MICH. COMP. LAWS § 565.108. Since the Court will grant Defendants summary judgment on that claim, Plaintiffs cannot recover their attorneys fees under section 565.108.

Next, Defendants maintain that Plaintiffs cannot recover the lost value of their property because (1) it was sold through foreclosure and Plaintiffs could not pay what they owed the Boones under the consent judgment and (2) Plaintiffs do not have a witness qualified to testify (*i.e.*, an expert witness) regarding the true value of the property. With regard to Plaintiffs' ability to pay the Boones, Plaintiffs had until March 4, 2005, to remit $180,000 to the Boones or the property would be subject to public sale. Plaintiffs declare that they had secured a promise of $225,000 loan, but the lender balked when he discovered Defendants' lien. Accordingly, Defendants are not entitled to summary judgment on this measure of damages.

Concerning Plaintiffs lack of an expert witness, "[a] lay witness will be permitted to testify as to the value of the property if he is familiar with it and if he has some knowledge of the value of other property in the immediate area." *Matter of Acquisition of Land for Cent. Indus. Park Project, Parcel No. 755*, 370 N.W.2d 323, 324 (Mich. App. 1985) (citing *In re Brewster St. Hous. Site*, 289 N.W. 493, 505 (Mich. 1939) and *Equitable Bldg. Co. v. City of Royal Oak*, 240 N.W.2d 489, 491 (Mich. App. 1976)). Consequently, summary judgment will not issue on this point.[6]

## IV.   CONCLUSION

Therefore, the Court will grant in part and deny in part Defendants' Norman K. Droste and Norm Droste – Attorney, PLC's Motion for Summary Judgment. An Order and Partial Judgment consistent with this Opinion shall enter.

|  |  |
|---|---|
| DATED in Kalamazoo, MI:<br>        August 21, 2006 | /s/ Richard Alan Enslen<br>RICHARD ALAN ENSLEN<br>SENIOR UNITED STATES DISTRICT JUDGE |

---

[6] Defendants also contend that any punitive damage award must be premised upon a showing of Defendants' liability for fraud and intentional infliction of emotional distress. Because neither of these claims have been dismissed, the Court will not preclude an award of punitive damages.