UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

KENNETH L. SCHRIBER and                         Case No. 1:05-CV-487
CONSTANCE A. SCHRIBER,

           Plaintiffs,                         Hon. Richard Alan Enslen

v.

NORMAN K. DROSTE and NORM
DROSTE – ATTORNEY, PLC,

           Defendants.                         **<u>ORDER</u>**
_____/

       This matter is before the Court to resolve Plaintiffs Kenneth L. Schriber and Constance A.

Schriber's Motion *in Limine*.  Plaintiffs' Motion asks that Defendants be prohibited from making

the argument at trial that any damages awarded to Plaintiffs should be allocated between Defendants

and three other non-party law firms pursuant to Michigan Complied Laws § 600.2957.

       Although the Federal Rules of Evidence do not explicitly authorize motions *in limine*, these

motions are a recognized custom of the federal courts, implicit in the courts' inherent authority to

manage trials.  *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984).  Such motions are useful devices for

streamlining trials and avoiding jury prejudice.  *See* Fed. R. Evid. 103(c).

       Evidentiary rulings depend in large part on the trial court's assessment of relevance and

prejudice.  Under Federal Rule of Evidence 401, "relevant evidence" is defined as "evidence having

any tendency to make the existence of any fact that is of consequence to the determination of the action

more probable or less probable than it would be without the evidence."   Under Rule 403, relevant

evidence may be excluded "if its probative value is substantially outweighed by the danger of unfair

prejudice . . . ."

Plaintiffs' position is that Defendants are not entitled to have fault assessed against any other law firm.  Plaintiffs contend that the Court prohibited Defendants' argument in its Opinion of August 21, 2006, which granted in part and denied in part Defendants' Second Motion for Summary Judgment.  In that Motion, Defendants averred that Plaintiffs could not prove the causation element of their legal malpractice claim because the proximate cause of Plaintiffs' loss was due to the subsequent breach of duty by three other law firms.  The Court stated in its Opinion that this argument was "another veiled preclusion argument which has been foreclosed by the Court's May 15, 2005 [sic] Opinion." (Op. 5.) Defendants further argued the Court should rule as a matter of law that the other three firms committed professional negligence, and those damages should not be recoverable pursuant to Michigan Complied Law § 600.2957.[1]  It is this argument Plaintiffs wish to prohibit Defendants from pursuing.

The Court recognizes the footnote Plaintiffs rely on does not specifically reference Defendants' argument based on § 600.2957; rather, it addresses only Defendants' causation argument.[2]  However, Plaintiffs are correct in their assertion that Defendants' may attempt to argue damages should be apportioned amongst the other law firms.  Defendants' argued in their Second Motion for Summary Judgment that the malpractice of the other firms was an intervening cause and

---

[1]Michigan Complied Law§ 600.2957 states in pertinent part, "In an action based on tort..., the liability of each person shall be allocated under this section by the trier of fact and, subject to [Mich. Comp. Laws § 600.6304], in direct proportion to the person's percentage of fault..." MICH. COMP. LAWS § 600.2957(1).

[2]The footnote states in its entirety, "In addition, Defendants assert that Plaintiffs cannot prove causation because Plaintiffs' state court counsel negligently failed to raise the gravamen of their Complaint in the Antrim County Circuit Court.  Defendants' theory is, however another veiled preclusion argument which has been foreclosed by the Court's May 15, 2005 [sic] Opinion.  *See Schriber*, 2006 WL 1361228, at *3-4 and *supra* note 1."

foreclosed a finding of malpractice by Defendants.  Yet, the Court has already determined Plaintiffs'

state court counsel could not have advanced the malpractice related claims in the state court

proceeding of July 21, 2005 in its May 2006 Opinion.  (Op. 7.)  There is no other reason to allocate

damages between the Defendants and those three law firms other than the claim that Plaintiffs' state

court counsel was negligent in failing to raise the federal claims in Antrim County Circuit Court.

For these reasons, the Court finds Defendants' argument for allocation of damages against three

other law firms to be properly foreclosed by the Court and the Plaintiffs' Motion *in Limine* to be

proper.[3]

   **IT IS HEREBY ORDERED** that Plaintiffs Kenneth L. Schriber and Constance A.

Schriber's Motion *in Limine* (Dkt. No. 87) is **GRANTED**.

   **IT IS FURTHER ORDERED** that Defendants Norman Droste and Norm Droste –

Attorney, PLC, are prohibited from having fault assessed against any other non-party law firm

pursuant to Mich. Comp. Law § 600.2957.

          /s/ Richard Alan Enslen
DATED in Kalamazoo, MI:    RICHARD ALAN ENSLEN
  October 18, 2006      SENIOR UNITED STATES DISTRICT JUDGE

---

 [3]Additionally, the Court notes that this argument is improper because Defendants failed to notice the three law firms 91 days after the party filed it first responsive pleading in accordance with Michigan law.  Mich. Ct. R. 2112(K)(3)(c).  A diversity lawsuit asserting a tort claim under Michigan law requires compliance with the notice provision in Michigan Court Rule 2.112(K).  *Greenwich Ins. Co. v. Hogan*, 351 F. Supp. 2d 736, 739 (W.D. Mich. 2004).  In *Greenwich*, the court held that although Mich. Ct. R. 2.112(K) has been identified as a procedural rule, the rule was a necessary component of the Michigan statutory scheme of fair share liability.  *Id*.  Therefore, to fail to apply the notice provision "would promote the forum shopping and inequitable administration the *Erie* doctrine sought to avoid."  *Id*.  Defendants, who filed their first responsive pleading on August 9. 2005, have failed to notice the three other law firms they seek to include in damage allocation.  Further, the Court discerns no reason it would allow Defendants to file a belated notice under Mich. Ct. R. 2112(K)(3)(c).